■    YANTIC GRAIN & PRODUCTS Co., Doing Business as DANBURY BIG Y FEED Co., Respondent, v. BULLET HOLE FARMS, INC., Appellant.— Order and judgment of the Supreme Court, Putnam County, dated February 11, 1966 and November 21, 1966, respectively, reversed on the law and facts; new trial granted, with costs to abide the event; and defendant's motion to dismiss the amended complaint remanded to said court for further consideration in the light of any new facts developed by way of motion papers based on evidence adduced at the trial. This is an action to recover for goods sold and delivered. The plaintiff foreign corporation sued not its customer and debtor, Samuel Londner, but the defendant corporation, Bullet Hole Farms, Inc., in which Londner had shifting interests at varying times. At the heart of the controversy is a paper signed by Londner as president of Bullet Hole Farms, Inc., in which he purportedly bound the corporation as guarantor for the purchase of chicken feed for his chicken farming business conducted on property owned by the corporation. The case was tried on pleadings whose theory was addressed to buyer-seller and debtor-creditor concepts. Only after the trial and in the learned Trial Justice's opinion was it announced that the pleadings would be amended to conform to the proofs (CPLR 3025, subd. [c]); and judgment was then granted to plaintiff apparently under surety and guarantee principles. We feel that the interests of justice will be better served by a new trial so that the parties will have advance warning of the theories by which they can be bound and will have the opportunity of developing facts to meet those theories. For example, it could be shown, with some specificity, whether Bullet Hole Farms, Inc., engaged in any business activities, whether it in any way benefited from the chicken farm operation as landlord or otherwise to such an extent that its president would be clothed with authority to make it a guarantor of his personal obligation, and whether anyone other than its president exercised any operational or proprietary control over it. The facts as developed do not permit us to say with satisfaction that Londner had authority to bind the defendant corporation as he purportedly did (see, 57 N. Y. Jur., Suretyship & Guaranty, § 53); yet they are not so conclusive either that we can say with assurance that the corporation ought to be held liable because it benefited from the guarantee paper and must now be estopped from denying its effectiveness. A new trial should help resolve the confusion and conflicting claims. Since the order denying defendant's motion to dismiss the complaint, based on section 218 of the General Corporation Law (subject matter now in Business Corporation Law, § 1312), arose out of an oral motion and out of the facts developed at the trial, the denial of that motion is herewith reversed only so that a new motion on appropriate papers may be made. The motion made at the trial was belated, was based on no affidavits and gave little or no opportunity to plaintiff to rebut the objections raised by the motion. Again, the interests of justice warrant that this aspect of the case receive a fresh look. In passing, we note also that the judgment in plaintiff's favor included interest from September 1, 1958. The amended complaint only demanded interest from December 5, 1960 and there is no dispute about the fact that the open account in question was

terminated on December 5, 1960. Thus, there was no cause of action at least until that latter date and that is the earliest time from which interest should be imposed in the event judgment is rendered for plaintiff upon the retrial. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.