(March 13, 1989)

■ A-1 CHECK CASHING SERVICE, INC., Respondent, v GERALD H. GOODMAN, Individually and Doing Business as GOODMAN'S EXPRESS, Appellant.—In an action to recover damages for breach of contract, fraud, and breach of fiduciary duty, the defendants appeal from a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated August 18, 1987, which was in favor of the plaintiff and against them in principal amount of $39,247.51.

Ordered that the judgment is affirmed, with costs.

The trial court has the power to conform the pleadings to the proof even in the absence of a motion by a party, as long as there is no prejudice to the opposing party (see, Cartwright Van Lines v Barclays Bank, 120 AD2d 478; D'Antoni v Goff, 52 AD2d 973). The variance between the pleadings and the proof was not so great that the defendants could not reasonably have expected that such evidence would be adduced at trial (see, Stern v Stern, 114 AD2d 408, 409; Sharkey v Locust Val. Mar., 96 AD2d 1093, 1094, appeal dismissed 61 NY2d 669; Jemzura v Jemzura, 29 AD2d 797). The forgeries in question were merely one aspect of the defendants' scheme to defraud the plaintiff as alleged in the complaint. We also note that despite their professed surprise, the defendants did not request a continuance so that they could present expert evidence or obtain discovery.

The plaintiff proved by a preponderance of the evidence that the individual defendant had defrauded it by issuing worthless checks in the defendant corporation's name and by forging the endorsement on the checks (see, Brown v Lockwood, 76 AD2d 721, 730-731). A corporate officer is individually liable for fraudulent acts or false representations of his own, or in which he participates, even though his actions in such respect may be in furtherance of the corporate business (see, 15 NY Jur 2d, Business Relationships, § 1079, at 352). Thus, the

individual defendant was properly held liable for the fraudulent check cashing scheme.

We have considered the defendants' remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.