(February 10, 1992)

■ BROOK-HATTAN UTILITIES, INC., Respondent, v 893 CON-STRUCTION CORP., Appellant, et al., Defendant.—In an action, *inter alia,* to foreclose a mechanic's lien, the defendant 893 Construction Corp. appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Richmond County (Radin, J.H.O.), dated November 30, 1989, as, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $16,700.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

This case arose from two oral agreements between the plaintiff Brook-Hattan Utilities, Inc., and the defendant 893 Construction Corp. (hereinafter the defendant). Pursuant to the first agreement, the plaintiff was to perform plumbing work at eight houses located on Rome Avenue in Staten Island (hereinafter the eight homes). Pursuant to the second agreement, the plaintiff was to perform plumbing work at four other homes on Rome Avenue (hereinafter the four homes). After substantially completing the work on two of the four homes and partially completing the work on the other two, the plaintiff stopped working on the four homes due to insufficient payments by the defendant. The plaintiff filed a mechanic's lien on the four homes which was subsequently discharged when International Fidelity Insurance Co. (hereinafter International) filed an undertaking on the premises.

The defendant argues that since the complaint sought only to foreclose a mechanic's lien on the four homes, the court erred by conforming the pleadings to the proof to allow the introduction of evidence concerning payments on the eight homes. We disagree.

Although the lien was discharged by the undertaking filed by International *(see, Tri-City Elec. Co. v People,* 96 AD2d 146, 150, *affd* 63 NY2d 969), the court properly considered the plaintiff's request for damages, since a common-law cause of action sounding in breach of contract may survive the dismissal of a cause of action to foreclose a mechanic's lien *(see,*

*Bohl Contr. Co. v IUE, AFL-CIO Dist. No. 3,* 73 AD2d 1023, 1024).

CPLR 3025 (c) provides that "[t]he court may permit pleadings to be amended before or after judgment to conform them to the evidence, upon such terms as may be just including the granting of costs and continuances". A trial court has great discretion in this matter and should grant a motion for relief under this section as long as there is no prejudice to the opposing party *(see, e.g., Edenwald Constr. Co. v City of New York,* 60 NY2d 957; *Assante v City of New York,* 173 AD2d 430; *A-1 Check Cashing Serv. v Goodman,* 148 AD2d 482). Here, the variance between the pleadings and the proof was not so great that the defendant could not reasonably have expected that evidence concerning the eight homes would be adduced at the trial *(see, A-1 Check Cashing Serv. v Goodman, supra,* at 482; *cf., Sharkey v Locust Val. Mar.,* 96 AD2d 1093). Anthony Dacchille, the President/Secretary of the plaintiff, testified that in calculating the amount of the mechanic's lien, the plaintiff "carried forward" a balance of $2,100 outstanding from the plumbing work on the eight homes. Since the defendant knew or should have known that certain payments it owed on the eight homes would be carried over to subsequent bills on the four homes, it could reasonably have expected that evidence concerning the eight homes to be adduced at the trial *(see, A-1 Check Cashing Serv. v Goodman, supra,* at 482).

Moreover, the defendant cannot seriously contend that it was prejudiced or surprised by the amendment, since it was the defendant who had first raised, in its counterclaim, the issue of the performance of the agreement with respect to the eight homes.

The evidence adduced at the trial supports the amount of damages awarded. Dacchille testified that in addition to the $2,100 carried forward from the work on the eight homes, the plaintiff billed the defendant $14,600 for work completed on the four homes. He further explained that the reasonable value of the work done on all 12 homes was $53,800 and that the balance due after the defendant's payment of $30,500 and a credit of $6,600 was $16,700.

In light of the foregoing, we decline to address the parties' remaining contentions. Sullivan, J. P., Balletta, O'Brien and Ritter, JJ., concur.