■ BROTHERS 3 INC., Doing Business as EAST VILLAGE GREEN DELICATESSEN, Respondent, v FRANK A. SCAPPATICCI et al., Appellants. [604 NYS2d 965] —In an action to enforce a restrictive covenant in a deed to real property, the defendants appeal from a judgment of the Supreme Court, Nassau County (Wager, J.), entered June 13, 1991, which, after a nonjury trial, *inter alia,* enjoined the defendants from using the subject property as a delicatessen.

Ordered that the judgment is affirmed, with costs.

The defendants contend that the Supreme Court erred by denying their motion to dismiss the complaint and granting the plaintiff's motion to amend the caption, since the plaintiff failed to file a certificate of doing business as East Village Green Delicatessen. However, General Business Law § 130 (9), which prohibits a corporate plaintiff from maintaining certain actions if it has failed to file a certificate of assumed name, is inapplicable to the present case. General Business Law § 130 (9) only applies to actions commenced on a contract, account, or transaction made in an assumed name. In the present case, the plaintiff commenced the action to enforce a restrictive covenant to which it was not a party, but from which it receives a benefit as a tenant of one of the parties' successors.

Moreover, the plaintiff, as a tenant of a successor of one of the parties to the covenant, was entitled to enforce the restrictive covenant. The restrictive covenant provides, in relevant part, that it shall "be binding upon and inure to the benefit of the parties hereto, their respective tenants, customers, business invitees, successors and assigns". Therefore, since the covenant confers a benefit upon the plaintiff, the plaintiff is entitled to enforce the covenant *(see, Lawrence v Fox,* 20 NY 268).* Contrary to the defendants' contention, the provision of

the covenant which grants the parties to the covenant and their assigns the power to modify, alter, or terminate the covenant does not affect the plaintiff's right to enforce the covenant, since the covenant has not been modified, altered, or terminated.

Additionally, the defendant Village Green Market, Inc. (hereinafter Market), a tenant of the premises subject to the restrictive covenant, violated the restrictive covenant by operating a delicatessen counter in its grocery store. The restrictive covenant provides that *no part* of the building located on the premises subject to the covenant may be utilized for the purpose of a delicatessen. Thus, the covenant prohibits Market from utilizing even a part of its store for selling any delicatessen items, i.e., from operating a "delicatessen counter", not merely from operating its entire store as a delicatessen *(see, Waldorf-Astoria Segar Co. v Salomon,* 109 App Div 65, *affd* 184 NY 584). The cases relied on by the defendants, including, *inter alia, Gord Luncheonette v S. & H. Realty Co.* (50 AD2d 799), *Mubarez v G-T Props. Assocs.* (NYLJ, Nov. 2, 1984, at 6, col 2), and *Mook v Weaver Bros.* (59 F2d 1028), are factually inapposite, since in those cases the restrictive covenants prohibited the use of the premises as a whole as a certain type of store.

The defendants' remaining contentions are either unpreserved for appellate review, since the defendants failed to raise those arguments at trial *(see, Mastronardi v Mitchell,* 109 AD2d 825, 828), or are without merit. Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.