■ RICHARD SILLS et al., Respondents, v WAHEED ENTERPRISES, INC., et al., Defendants, and ARLENE LANIN, Appellant. JOSHUA LANIN, Third-Party Plaintiff, and ARLENE LANIN, Third-Party Plaintiff-Appellant, v DANIEL LEEDS et al., Third-Party Defendants-Respondents. [676 NYS2d 170] —Judgment, Supreme Court, New York County (Carol Arber, J., and a jury), entered March 20, 1996, insofar as appealed from, awarding plaintiffs damages against defendant-appellant and dismissing the latter's counterclaims and third-party complaint, unanimously modified, on the law, to the extent of directing plaintiff Richard Sills to post security in favor of appellant in the amount of $26,858 pursuant to UCC 3-804, within 30 days of the date of this order, and otherwise affirmed, without costs.

While appellant was not a party to the $6,500 commission agreement, rendering the portion of the verdict finding her liable thereunder unsupportable, the error is inconsequential since appellant, as alleged in the complaint, was a guarantor of the six promissory notes that were introduced into evidence and represented the outstanding installment payments due in relation to that agreement. Proof of the notes and of appellant's failure to pay them was shown at trial, and the minor discrepancy between the amount proved at trial, based on six notes, and the amount claimed in the complaint, based on five notes, should have been anticipated by appellant, and does not require a new trial on the issue of damages (*see, Matter of Town of Lumberland v New York State Div. of Human Rights*, 229 AD2d 631, 634; *Brook-Hattan Utils. v 893 Constr. Corp.*, 180 AD2d 660). Also inconsequential was the verdict's reference to the notes representing the $30,000 debt assumed by the corporate defendant and also guaranteed by appellant as due to "plaintiff" in the singular, it being clear that the jury

intended to award the sum of the amounts shown in all of such notes, and it is also being clear which portion of such sum was due to each of the plaintiffs. Plaintiff Sills' recovery is not precluded by the loss of the bearer notes that were given to him and his necessary reliance on photostatic copies thereof. However, he should have been required to post security to indemnify appellant from any future actions on these lost instruments (UCC 3-804), and we modify accordingly. We have considered appellant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Nardelli, Rubin and Mazzarelli, JJ.