■ MILES COVERDALE, Respondent, v CYNTHIA ZUCKER, Also Known as CYNTHIA MARKS, Appellant, et al., Defendants. [690 NYS2d 134] —In an action, *inter alia*, for a judgment declaring that the plaintiff has the exclusive right to possess certain real property, the defendant Cynthia Zucker appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Carter, J.), entered March 26, 1998, as denied her motion for summary judgment on her counterclaim declaring that she possessed a prescriptive easement over the subject real property, and (2) a judgment of the same court, dated March 31, 1998, which, *inter alia*, dismissed her counterclaim, and declared that the plaintiff is in exclusive possession of the subject property.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the appellant's motion for summary judgment on her counterclaim declaring that she has a prescriptive easement over the subject property is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The burden of proving all the elements of a prescriptive easement is on the person who asserts it. Once the claimant has shown, by clear and convincing evidence, that the subject property was used openly, notoriously, and continuously for the statutory period, the presumption arises that the use was adverse under claim of right and the burden shifts to the owner of the property to rebut the presumption by showing that the use was permissive (*DiLeo v Pecksto Holding Corp.,* 304 NY 505, 512; *see, Casey v Bazan,* 253 AD2d 838; *Katona v Low,* 226 AD2d 433; *Nazarian v Pascale,* 225 AD2d 381, 383; *Turner v Baisley,* 197 AD2d 681, 682). Here, in support of her counterclaim, the defendant Cynthia Zucker established those elements by competent proof showing that, since 1971, her family had openly and notoriously used a portion of the plaintiff's estate as a driveway to gain access to their residence. This satisfied her burden of establishing the elements of a prescriptive easement. Since the use of the driveway was uncontroverted, the plaintiff had the burden of showing that this use was permissive or pursuant to a revocable license.

"Where, as here, a case is tried without a jury, our power to review the evidence is as broad as that of the trial court, bearing in mind, of course, that due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses. Moreover, the trial court's determination will generally not be disturbed on appeal unless it is obvious that the conclusions could not be reached under any fair interpretation of the evidence" (*Universal Leasing Servs. v Flushing Hae Kwan Rest.,* 169 AD2d 829, 830; *see also, Nicastro v Park,* 113 AD2d 129; *BGW Dev. Corp. v Mount Kisco Lodge No. 1552,* 247 AD2d 565, 567).

Contrary to the finding of the Supreme Court, the testimony of the plaintiff was not firm and resolute but rather was rambling and uncertain. His testimony, together with the remainder of the evidence, which included, *inter alia*, the testimony of the plaintiff's wife that on one occasion, for a short period of time, she temporarily blocked the driveway with cardboard boxes in order to protect her granddaughter who was learning to ride a bicycle, together with her hearsay statement that her husband gave Zucker and her former husband permission to use the driveway, was insufficient to overcome the presumption of a prescriptive easement as to the use of the subject property, established by Zucker. The testimony of Doris Brown, one of the persons who sold the property to Zucker's former husband, also failed to shed any light as to whether Zucker or her former husband were informed that any use of the subject property was pursuant to permission given by the plaintiff.

Accordingly, the Supreme Court erred in determining that Zucker did not possess a prescriptive easement.

In light of this determination, we need not reach the parties' remaining contentions. S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.