■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v ROBERT TAYLOR, SR., et al., Respondents. [706 NYS2d 135] —In a proceeding pursuant to CPLR 7503 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated February 24, 1999, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The petitioner commenced the instant proceeding to stay arbitration more than 20 days after it was served with the demand for arbitration. The basis of the application was that there had been no physical contact between the respondents' vehicle and the allegedly offending vehicle.

CPLR 7503 (c) requires a party, once served with a demand for arbitration, to apply to stay the arbitration within 20 days of service of such demand, or be precluded from making an application. However, a motion to stay arbitration may be entertained when its basis is that the parties never agreed to arbitrate (*see, Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264).

The petitioner's reliance on the exception stated in *Matter of Matarasso (Continental Cas. Co.) (supra),* is misplaced. The parties do not dispute that the subject policy contained an agreement to arbitrate. Because physical contact is a condition precedent to an arbitration that is based on a so-called "hit-and-run" accident (*see, Matter of Atlantic Mut. Ins Co. v Shaw,* 222 AD2d 581), the petitioner's claim that there was no physical contact between the respondents' vehicle and the allegedly offending vehicle "relates to whether certain conditions of the contract have been complied with and not whether the parties have agreed to arbitrate. As such, [the petitioner's] contention is outside the exception articulated by this Court in Matarasso and is barred by the CPLR 7503 (c) 20-day period to object to arbitration" (*Matter of Steck [State Farm Ins. Co.],* 89 NY2d 1082, 1084). Bracken, J. P., Joy, Goldstein and Feuerstein, JJ., concur.