■ BARBARA VIZCAINO, Appellant, v GORDON AND THOMAS COMPANIES, INC., Respondent, and FOREST HILLS NURSING HOME, Defendant. [718 NYS2d 875] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered April 14, 1999, which, upon a jury verdict, is in favor of the defendant Gordon and Thomas Companies, Inc., and against her, dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs to the respondent.

The actions of the trial court were, in the main, directed towards focusing the proceedings on the relevant issues and clarifying facts material to the case in order to expedite the trial (see, Sheinkerman v 3111 Ocean Parkway Assocs., 259 AD2d 480; Carson v New York City Health & Hosps. Corp., 178 AD2d 265). Even if some of the conduct of the trial court was inappropriate, it did not deprive the plaintiff of a fair trial (see, Sheinkerman v 3111 Ocean Parkway Assocs., supra).

At the close of evidence, the trial court granted the oral ap-

plication of the defendant Forest Hills Nursing Home (hereinafter FHNH) for judgment as a matter of law dismissing the complaint insofar as asserted against it. However, no order was entered and the judgment appealed from dismisses the complaint only against the defendant Gordon and Thomas Companies, Inc. Accordingly, the plaintiff's contentions regarding FHNH are not properly before us (*see,* CPLR 5701). In any event, the court properly granted the application of FHNH for judgment as a matter of law. Viewing the evidence in the light most favorable to the plaintiff, there was no proof that FHNH created the allegedly defective condition which caused the plaintiff's injury or had actual or constructive notice of such condition (*see, Haghighi v Bailer,* 240 AD2d 368).

The plaintiff's remaining contentions are without merit or do not warrant reversal. Bracken, Acting P. J., Altman, Krausman and Friedmann, JJ., concur.