■ IRA J. GREENHILL et al., Appellants, v BRUCE STILLWELL et al., Respondents. (And a Third-Party Action.) [761 NYS2d 498] —In an action, inter alia, to recover damages for trespass in which the defendants asserted a counterclaim for a declaration that they had a prescriptive easement over a stated portion of

the plaintiffs' property which adjoins a right of way, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered January 16, 2001, as, after a nonjury trial, is in favor of the defendants and against them on the counterclaim.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, and it is declared that the defendants do not have a prescriptive easement over a stated portion of the plaintiffs' property which adjoins a right of way.

An easement by prescription requires proof of the adverse, open, notorious, and continuous use of another's land for the prescriptive period (*see Di Leo v Pecksto Holding Corp.,* 304 NY 505 [1952]; *Barone v Guthy,* 295 AD2d 460 [2002]; *2239 Hylan Blvd. Corp. v Saccheri,* 188 AD2d 524 [1992]). The person who intends to prove entitlement to an easement by prescription must do so by "clear and convincing evidence" (*see Rivermere Apts. v Stoneleigh Parkway,* 275 AD2d 701 [2000]). Under the facts of this case, the Supreme Court erred in finding that there was actual use of the disputed portion of the plaintiffs' property or that there was continuous use of the disputed portion for the required 10-year prescriptive period as these elements were not established by clear and convincing evidence. Where, as here, a case is tried without a jury, this Court's power to review the evidence is as broad as that of the trial court, bearing in mind, of course, that due regard must be given to the decision of the trial judge who was in a position to assess the evidence and the credibility of the witnesses (*see Coverdale v Zucker,* 261 AD2d 429 [1999]). Moreover, the trial court's determination will generally not be disturbed on appeal unless it is obvious that the conclusions could not have been reached under any fair interpretation of the evidence (*see id.; Nicastro v Park,* 113 AD2d 129 [1985]). Even with the proper deference applied to the Supreme Court's determination, the court's determination could not have been reached under any fair interpretation of the evidence.

The plaintiffs' remaining contentions are academic in light of our determination. Santucci, J.P., Florio, Schmidt and Adams, JJ., concur.