■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v FAUSTINO ALBINO et al., Respondents. [792 NYS2d 518]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Queens County (Hart, J.), dated September 18, 2003, which, after a hearing, denied the petition.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new hearing in accordance herewith before a different justice; and it is further,

Ordered that pending the determination of the petition, the arbitration is stayed.

According to a police accident report, the alleged hit-and-run accident in which the respondents allegedly were injured oc-

curred on February 1, 1999, when the respondent Faustino Albino was driving a 1987 Nissan Pathfinder sport utility vehicle. It is uncontroverted that the appellant, Allstate Insurance Company (hereinafter Allstate), did not insure that vehicle at the time of the accident. In connection with the instant uninsured motorist arbitration, Albino claimed that on February 1, 1999, he was actually driving his 1990 Acura Integra two-door coupe and that this was the car involved in the accident. It is uncontroverted that Allstate did insure this car.

Following a hearing, the court credited Albino's testimony that he unknowingly gave the responding police officer, Officer Caruso, the registration for the Nissan, which he had sold two months earlier; the court characterized this as "a clear common mistake." In reaching this conclusion, the court disregarded Officer Caruso's affidavit, in which he averred, inter alia, that while he had no independent recollection of this accident, it is his custom and practice to verify that the information on the registration tendered by a motorist matches the vehicle involved in an accident. The court found that the accident actually involved the insured Acura, and accordingly, dismissed Allstate's petition to stay the demanded uninsured motorist arbitration. We reverse.

"Where, as here, a case is tried without a jury, this Court's power to review the evidence is as broad as that of the trial court, bearing in mind, of course, that due regard must be given to the decision of the trial judge, who was in a position to assess the evidence and the credibility of the witnesses" (*Greenhill v Stillwell*, 306 AD2d 434, 435 [2003]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492 [1983]). The trial court's determination will generally not be disturbed on appeal unless it is obvious that the conclusions could not have been reached under any fair interpretation of the evidence (*see Greenhill v Stillwell, supra; Coverdale v Zucker*, 261 AD2d 429 [1999]).

The trial court's determination was not reached upon a fair and unbiased interpretation of the evidence. The court apparently placed great weight on the fact that Albino spoke no English, and was also influenced by its expressed negative opinion of the insurance industry as a whole, and Allstate in particular. Indeed, the court appeared to prejudge the case long before Allstate ever had the opportunity to adduce any evidence. Even before Albino concluded his testimony the court stated: "He said he gave the wrong registration, that's why the police officer got the wrong registration. . . . He said he doesn't speak or understand English. What more do I have to hear."

Given the impatient manner in which the court conducted the proceeding, preventing Allstate from presenting its case, the appropriate disposition of this appeal is to remit the matter to the Supreme Court, Queens County, for a new hearing before a different Justice. We note that the record before us does not contain the Allstate policy in effect at the time of the accident, nor did Allstate adduce any documentation as to Albino's insurance history, showing which vehicles he owned and insured at different times. Furthermore, Emilie Acevedo, who does speak English, was Albino's passenger. She may be in a position to offer relevant testimony. So too, it may be advisable for Officer Caruso to appear and testify so that his credibility may be examined. Thus, the record may be more fully developed at the new hearing.

Inasmuch as Allstate did not seek a stay of arbitration based on an absence of physical contact, it waived that claim (*see Matter of Allstate Ins. Co. v Taylor*, 271 AD2d 443 [2000]; *Matter of Tilbury Fabrics v Stillwater, Inc.*, 56 NY2d 624 [1982]). Accordingly, the sole issue to be decided at the new hearing is whether Albino was operating a vehicle insured by Allstate at the time of the collision.

The respondents' remaining contentions are without merit. Prudenti, P.J., S. Miller, Ritter and Goldstein, JJ., concur.