■ BUBBA'S BAGELS OF WESLEY HILLS, INC., et al., Appellants, v ERIC BERGSTOL et al., Respondents, et al., Defendant. [794 NYS2d 443]—

In an action to enforce a restrictive covenant in a lease, and to recover damages for the breach thereof, the plaintiffs Bubba's Bagels of Wesley Hills, Inc., and S&D Restaurant, Inc., appeal from a judgment of the Supreme Court, Rockland County (Carey, J.), dated October 31, 2003, which, upon a decision of the same court dated August 14, 2003, made after a nonjury trial, dismissed the complaint insofar as asserted against the defendants Eric Bergstol, Dalzell Management Co., Inc., and Wesley Kosher, Inc.

Ordered that the appeal by the plaintiff S&D Restaurant, Inc., is dismissed as abandoned (see 22 NYCRR 670.8 [e]); and it is further,

Ordered that the judgment is reversed insofar as appealed from by Bubba's Bagels of Wesley Hills, Inc., on the law, with one bill of costs to the plaintiff Bubba's Bagels of Wesley Hills, Inc., payable by the respondents appearing separately and filing separate briefs, the decision is vacated, the defendants and their agents, servants, employees, and contractors are enjoined from selling or permitting the sale of fresh-baked goods, including, but not limited to, the products of Gruenebaum's Bakery, at the Wesley Kosher supermarket at the Wesley Hills Shopping Center in Wesley Hills, New York, and the matter is remitted to the Supreme Court, Rockland County, for a hearing on the issue of damages, if any, sustained by the plaintiff Bubba's Bagels of Wesley Hills, Inc., and for the entry of an appropriate amended judgment, if necessary.

As this case was tried to the court, without a jury, this Court's power to review the evidence is as broad as that of the trial court, with appropriate regard given to the decision of the trial judge who was in a position to assess the credibility of the witnesses (see Greenhill v Stillwell, 306 AD2d 434 [2003]; Coverdale v Zucker, 261 AD2d 429 [1999]). The trial court's determination generally will not be disturbed on appeal unless it is obvious that the conclusion could not have been reached on any fair interpretation of the evidence (see Greenhill v Stillwell, supra). Based upon our review of the record in this case, we find that the Supreme Court's conclusion could not have been reached on any fair interpretation of the evidence. The evidence clearly demonstrated that a covenant in the commercial lease of the plaintiff Bubba's Bagels of Wesley Hills, Inc. (hereinafter Bubba's), which prohibited the operation of "any other bakery" in

the Wesley Hills Shopping Center where Bubba's leased its space, was violated (*see Brothers 3 Inc. v Scappaticci,* 199 AD2d 234 [1993]). We reject the contentions that the phrase "any other bakery" in Bubba's lease is ambiguous, and that there was no meeting of the minds regarding its meaning.

The respondents' remaining contentions are without merit. Florio, J.P., H. Miller, Cozier and S. Miller, JJ., concur.