■ CINDY BECKER et al., Respondents, v LISA WOODS, Appellant. [806 NYS2d 704]—

In an action to recover damages for dental malpractice, etc., the defendant appeals from a judgment of the Supreme Court, Orange County (Owen, J.), dated August 26, 2004, which, upon a jury verdict awarding the plaintiff Cindy Becker the sums of $250,000 for past pain and suffering, $500,000 for future pain and suffering, $15,000 for future dental and medical expenses, and awarding the plaintiff Thomas Becker the sums of $25,000 for past loss of services, and $50,000 for future loss of services, is in favor of the plaintiffs and against her.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof awarding damages for future medical and dental expenses and substituting therefor a provision severing that cause of action and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellant, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Orange County, a written stipulation consenting to reduce the verdict as to damages for future dental and medical expenses from the sum of $15,000 to the sum of $1,560, and to the entry of an amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so modified, reduced, and amended, is affirmed, without costs or disbursements.

The defendant damaged the trigeminal nerve of the plaintiff Cindy Becker (hereinafter the plaintiff) while administering a Novocain injection during a dental procedure. As a result, the plaintiff sustained permanent paresthesia to the right side of her scalp and face. The plaintiff experiences tingling, twitching, numbness, and low voltage electrical currents coursing through her face. To help alleviate the activity of electricity in her brain, the plaintiff takes large doses of medication. The record also shows that the plaintiff has difficulty sleeping and reading, and cannot tolerate cold temperatures or touch to the right side of her face.

Under the circumstances, the awards to the plaintiff of the sums of $250,000 for past pain and suffering and $500,000 for future pain and suffering, and the award to the husband of the sums of $25,000 for past loss services, and $50,000 for future loss of services, did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

As for the $15,000 award for future dental and medical ex-

penses, the plaintiff testified that she would incur only $78 per year including costs for medication, and therefore the highest sustainable amount would be $1,560, as the jury awarded future damages for a 20-year period. Therefore, any award above $1,560 for future dental and medical expenses is speculative and cannot stand (*see Sanvenero v Cleary*, 225 AD2d 755, 756 [1996]). Adams, J.P., S. Miller, Ritter and Rivera, JJ., concur.