■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v CLAUDETTE JOSEPH et al., Respondents. [826 NYS2d 700]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of uninsured motorist claims, the petitioner appeals from an order of the Supreme Court, Kings County (Archer, J.H.O.), dated October 24, 2005, which, after a hearing, denied the petition.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new hearing on the petition and a new determination thereafter.

The petitioner Allstate Insurance Company (hereinafter Allstate) sought to stay uninsured motorist arbitration demanded by the individual respondents Claudette Joseph and Reginald Aime, on the ground that the other vehicle involved in a January 8, 2004 accident had viable insurance with the respondent State Farm Mutual Insurance Company (hereinafter State Farm). State Farm, while recognizing as its insureds both the owner of the vehicle, Sophia Prepetit, and the driver Grahamy Apotordie, disclaimed coverage on the basis of late notice of the occurrence. The Supreme Court, Kings County, referred the matter to a Judicial Hearing Officer (JHO) for a hearing "on the question of insurance coverage."

At the hearing, State Farm presented one witness to establish its defense of late notice by the owner and the injured parties. In response, Allstate called Prepetit, who testified that she had not provided State Farm with timely notice of the accident

because she was unaware that it had occurred, having left the vehicle with a friend on November 23, 2003, solely for the purpose of disposing of the vehicle. Prepetit further testified that she did not know Apotordie and had not given her permission to operate the vehicle.

At the close of evidence, Allstate requested a continuance to allow it to present further evidence and to prepare legal arguments with respect to the issue of permissive use that had been raised for the first time at the hearing. Although the JHO sua sponte deemed the pleadings amended to raise the issue of permissive use, the JHO denied Allstate's request for a continuance and, without addressing the issue of late notice that had been the intended subject of the hearing, denied Allstate's petition on the ground that the State Farm policy did not provide coverage because the vehicle was being used at the time of the accident without the owner's permission.

A trial court generally has broad discretion to deem the pleadings amended to conform to the evidence presented at the hearing, even absent a motion by a party, provided there is no significant prejudice or surprise to the party opposing the amendment (*see A-1 Check Cashing Serv. v Goodman*, 148 AD2d 482 [1989]; CPLR 3025 [b], [c]; 4311). Here, the order of reference broadly authorized the JHO to determine the issue of "coverage." The JHO thus had authority to consider the issue of permissive use, which is relevant to the denial of coverage and providently exercised her discretion to do so (*see Matter of New York Cent. Mut. Fire Ins. Co. v Dukes*, 14 AD3d 704, 705 [2005]).

Allstate's request for a continuance to enable it to investigate the owner's story, to attempt to locate relevant material witnesses, and to prepare a legal response to the issue of permissive use that was raised for the first time at the hearing, however, should have been granted. In light of State Farm's identification, in its disclaimer notice, of the driver of the vehicle as its insured, there was no basis upon which Allstate should have anticipated prior to the hearing that the issue of permissive use would be raised. Since the evidence and argument Allstate sought time to develop would likely have been material to the issue to be decided and a brief delay in the conclusion of this nonjury hearing would not likely have caused any prejudice, it was an improvident exercise of discretion to deny Allstate's request (*see Cantoni ITC USA v Milano Intl.*, 300 AD2d 334, 335 [2002]; *DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 242 [1984]; *see also Matter of Metlife Auto & Home v Shoyfer*, 19 AD3d 696 [2005]; *Schaefer v Guddemi*, 182 AD2d 808, 809 [1992]). Florio, J.P., Mastro, Spolzino and Skelos, JJ., concur.