JOSEPH STROCCHIA, Appellant, v CELENTANO PROVISIONS, INC., et al., Respondents. [891 NYS2d 297]—

The Supreme Court erroneously dismissed the complaint, in effect, for failure to join Bovis Lend Lease (hereinafter Bovis), a general contractor, as a necessary party. The plaintiff, who was not a protected person under the Labor Law (*see generally Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573, 576-577 [1990]; *Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970, 971 [1979]), did not allege any Labor Law violations in his complaint. Instead, the plaintiff commenced this action solely against

Celentano Provisions, Inc., R.A. Lodvichetti, Alex McCaskey, and New Town Corp., doing business as New Town Masonry, under a theory of common-law negligence. As such, under the circumstances of this case, joining Bovis as a party was not necessary in order to accord complete relief between the plaintiff and the respective defendants, nor would Bovis have been inequitably affected by any judgment in the action (*see* CPLR 1001 [a]).

We note that Justice Hart's conduct during the trial was improper and consisted, inter alia, of his continuous, wrongful interjection into the trial proceedings. Rivera, J.P., Miller, Dickerson and Roman, JJ., concur.