LINDA RIZZO, Respondent, v GIDEON KAY, D.D.S., Appellant, and JOSEPH MANISCALCO, D.D.S., Respondent. [915 NYS2d 92]—

In an action to recover damages for dental malpractice, the defendant Gideon Kay appeals from a judgment of the Supreme Court, Queens County (Hart, J.), dated July 22, 2009, which, upon a jury verdict, upon the granting of the motion of the defendant Joseph Maniscalco pursuant to CPLR 4401 to dismiss his cross claim, made at the close of the plaintiff's case, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict, inter alia, as contrary to the weight of the evidence, or to set aside the damages award for past pain and suffering and future pain and suffering as excessive, is in favor of the plaintiff and against him in the principal sums of $300,000 for past pain and suffering, $150,000 for future pain and suffering, and $40,000 for special damages.

Ordered that the judgment is affirmed, with one bill of costs.

Contrary to the appellant's contention, the conduct of the trial court did not deprive him of a fair trial. Although the manner in which the trial court questioned witnesses was inappropriate in a few instances, the court did not engage in the type of repeated prejudicial intrusions that have been found to prevent the jury from considering the evidence in a fair, calm, and unprejudiced manner (*see Malaty v North Ark. Wholesale Co.*, 305 AD2d 556 [2003]; *William Capital Assoc. v Harrison*, 240 AD2d 198, 199 [1997]; *Vizcaino v Gordon & Thomas Cos.*, 279 AD2d 519 [2001]; *cf. DeCrescenzo v Gonzalez*, 46 AD3d 607, 608 [2007]). In light of the fact that we have previously had occasion to reverse this same trial court based upon similar, but in our view prejudicial, conduct (*see e.g. Sutton v Kassapides*, 73 AD3d 1021 [2010]; *Williams v Naylor*, 64 AD3d 588 [2009]; *Doe v Department of Educ. of City of N.Y.*, 54 AD3d 352 [2008]; *Pickering v Lehrer, McGovern, Bovis, Inc.*, 25 AD3d 677 [2006]; *Matter of Allstate Ins. Co. v Albino*, 16 AD3d 682 [2005]; *Matter of Travelers Indem. Co. v Mohammed*, 14 AD3d 710 [2005]; *see also Strocchia v Celentano Provisions, Inc.*, 69 AD3d 607 [2010]; *cf. Campbell v Rogers & Wells*, 218 AD2d 576, 579 [1995]), we

take this opportunity to caution the trial court to be mindful that its participation in the questioning of witnesses has the potential to influence the jury and, thus, when it intervenes to clarify testimony or elicit a responsive answer, it must be careful to do so in an evenhanded and temperate manner.

Furthermore, under the circumstances of this case, it was not error for the trial court to allow testimony on the issue of whether the appellant abandoned treatment of the plaintiff before fully completing her dental work, and, in effect, to conform the pleadings to the proof adduced at trial by submitting a claim of abandonment to the jury. "A trial court generally has broad discretion to deem the pleadings amended to conform to the evidence presented at the [trial], even absent a motion by a party, provided [that] there is no significant prejudice or surprise to the party opposing the amendment" (*Matter of Allstate Ins. Co. v Joseph*, 35 AD3d 730, 731 [2006]; *see* CPLR 3025 [c]; *A-1 Check Cashing Serv. v Goodman*, 148 AD2d 482 [1989]). Here, the appellant was not prejudiced or surprised by the admission of evidence on the issue of abandonment and the submission of this issue to the jury, since the issue was explored, and relevant evidence obtained, during discovery (*see Alomia v New York City Tr. Auth.*, 292 AD2d 403, 406 [2002]; *Diaz v New York City Health & Hosps. Corp.*, 289 AD2d 365, 366 [2001]).

It was also proper for the trial court to dismiss the appellant's cross claim against the defendant Joseph Maniscalco. The plaintiff failed to present any expert evidence that Dr. Maniscalco departed from good and accepted standards of dental practice, and therefore agreed to withdraw her dental malpractice claim against Dr. Maniscalco at the close of her case. While the appellant opposed Dr. Maniscalco's motion to dismiss the cross claim against him upon the ground that there was a factual dispute as to whether Dr. Maniscalco was an independent contractor who could be held liable for his own acts of malpractice, the appellant's expert witness disclosure statement failed to identify any departures from good and accepted standards of dental practice which Dr. Maniscalco may have committed. Under these circumstances, the trial court providently exercised its discretion in ruling that the appellant would be precluded from offering expert testimony as to whether Dr. Maniscalco committed any acts of dental malpractice (*see* CPLR 3101 [d] [1] [i]; *Lucian v Schwartz*, 55 AD3d 687, 688 [2008]; *Parlante v Cavallero*, 73 AD3d 1001 [2010]; *Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.*, 28 AD3d 463, 464 [2006]), and in concluding that absent such expert testimony, the appellant could not establish a prima facie case of dental malpractice

against Dr. Maniscalco, and therefore could not prevail upon his cross claim (*see Perricone-Bernovich v Gentle Dental*, 60 AD3d 744, 745 [2009]; *Sohn v Sand*, 180 AD2d 789, 790 [1992]).

The award of damages for past pain and suffering and future pain and suffering did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Becker v Woods*, 24 AD3d 706, 707 [2005]; *Vona v Wank*, 302 AD2d 516, 517 [2003]).

The appellant's remaining contention is without merit. Skelos, J.P., Eng, Hall and Lott, JJ., concur.