In an action, inter alia, to recover damages for breach of *715 contract, the defendant Great Northern Insurance Company appeals from (1) a judgment of the Supreme Court, Nassau County (Winslow, J.), entered January 31, 2012, which, upon a jury verdict, is in favor of the plaintiffs and against it in the principal sum of $165,000, and (2) an order of the same court dated February 24, 2012, which, in effect, vacated an automatic stay of enforcement of the judgment pursuant to CPLR 5519 (a) (2).
Ordered that the judgment is affirmed; and it is further,
Ordered that the appeal from the order dated February 24, 2012, is dismissed, as no appeal lies from an order which does not determine a motion made on notice, and we decline to grant leave to appeal (see CPLR 5701 [a] [2]), since the appeal is academic in light of our determination on the appeal from the judgment; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
The plaintiffs are the owners of real property in East Norwich which is improved by a single-family home and a guest house. In January 2004 a pipe burst in the guest house. Thereafter, the plaintiffs filed a claim with their insurer, the defendant Great Northern Insurance Company (hereinafter Great Northern), which reimbursed them for the costs of repair. In December 2006 the plaintiffs learned that an odor emanating from the guest house, which they detected during the fall of 2006, was caused by mold. Thereafter, the plaintiffs filed a claim with Great Northern, but the claim was denied. In 2008, the plaintiffs commenced this action against Great Northern to recover under their homeowners’ insurance policy for losses caused by mold contamination and for mold remediation expenses. The case proceeded to trial and the jury awarded the plaintiffs the principal sums of $20,000 for remediation and $145,000 for reconstruction. Contrary to Great Northern’s contention, although the jury attributed the mold contamination to the pipe burst in 2004, the action is not time-barred. The limitations period contained in the policy providing that an action had to be commenced within two years “after the loss occurs” was ambiguous, as it lacked specificity as to the event insured against and did not include precise phrases such as “date of loss” or “after inception of the loss” (cf. Roberts v New York Prop. Ins. Underwriting Assn., 253 AD2d 807 [1998]; Costello v Allstate Ins. Co., 230 AD2d 763 [1996]). Thus, the rule of construction that ambiguities in contracts must be construed against the drafter applies here (see Guardian Life Ins. Co. of Am. v Schaefer, 70 NY2d 888, 890 [1987]; NIACC, LLC v Greenwich Ins. Co., 51 AD3d 883, 884 [2008]). Accordingly, construing the policy’s two-year limitations period against its *716 drafter, Great Northern, the two-year period did not begin to run when the pipe burst in January 2004, but in 2007, when the plaintiffs’ cause of action accrued, as it was at that time when all the facts necessary to the cause of action occurred, entitling the plaintiffs to seek relief in court (see Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc., 102 AD3d 770 [2013]).
Further, the conduct of the trial court did not deprive Great Northern of a fair trial (see Rizzo v Kay, 79 AD3d 1001 [2010]).
Great Northern’s remaining contentions are without merit or need not be reached in light of our determination.
Dillon, J.E, Balkin, Dickerson and Hinds-Radix, JJ., concur.