Matter of Global Liberty Ins. Co. v Perez (2020 NY Slip Op 01445)





Matter of Global Liberty Ins. Co. v Perez


2020 NY Slip Op 01445


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Acosta, P.J., Friedman, Mazzarelli, Webber, JJ.


11183 20041/16E

[*1] In re Global Liberty Insurance Company, Petitioner-Appellant,
v
Nestor Ruben Perez, Respondent, Angela Flores, et al., Proposed Additional Respondents-Respondents.


The Law Office of Jason Tenenbaum, P.C., Garden City (Roman Kravchenko of counsel), for appellant.
James G. Bilello & Associates, Hicksville (Susan J. Mitola of counsel), for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered April 30, 2019, which, after a framed issue hearing, denied Global Liberty Insurance Company's petition to stay arbitration, unanimously affirmed, without costs.
Petitioner commenced this proceeding pursuant to CPLR article 75, seeking an order to permanently stay the uninsured motorist arbitration. On January 1, 2015, on the Sheridan Expressway at Faile Street, in the Bronx, a 2011 Toyota driven by respondent Nestor R. Perez (Perez) was rear-ended by a vehicle. The driver of the vehicle fled the scene, and the year and make of the offensive vehicle is contested. There are two police reports that are identical, except for the description of the year and brand of the offensive car. One report indicates that the vehicle was a 2003 Subaru, while the other report indicates that it was a 2005 Chevrolet. The license plate recorded in the police accident reports showed that it was registered to proposed additional respondent Angela Flores. On the date of the accident, the ex-spouse of Flores reported the vehicle registered to the license plate in the police accident reports as missing or stolen. That report does not ask for the year and make of the missing vehicle.
At the hearing, NYPD police officer Eric Smith testified that he responded to the accident. Officer Smith testified that the original police accident report identified a 2005 Chevrolet as the offensive vehicle. Smith was unable to explain why or how someone had changed the description of the vehicle to a 2003 Subaru, since only he could make changes to the report. Perez, on the other hand, testified that he believed the offensive vehicle that struck the rear end of his car was a blue Subaru. Contrary to petitioner's argument, the evidence did not demonstrate that the license plate registered under Flores matched a 2003 Subaru. We also note that the record does not show whether Flores owned a Subaru or a Chevrolet. In view of petitioner's inability to prove that the offending vehicle was owned by Flores and insured at the time of the accident, we find no reason to disturb the court's decision (see Matter of Allstate Ins. Co. v Albino, 16 AD3d 682, 683 [2d Dept 2005]; Matter of Empire Mut. Ins. Co. [Greaney-National Union Fire Ins. Co. of Pittsburgh, 156 AD2d 154 [1st Dept 1989]).
We also find that additional respondent GEICO Insurance Company was not required to call witnesses relevant to petitioner, when petitioner was free to subpoena the ex-spouse of Flores itself if it wanted to (see generally Matter of Guzman v Bratton, 161 AD3d 591, 593 [1st Dept 2018]). Petitioner was well aware before the hearing began that the ex-spouse had filed a [*2]stolen vehicle report on the date of the accident for Flores's car, and chose not to subpoena him.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK