Mazzola v Lipkin (2021 NY Slip Op 50046(U))

[*1]

Mazzola v Lipkin

2021 NY Slip Op 50046(U) [70 Misc 3d 136(A)]

Decided on January 22, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 22, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

20-160

Susan Mazzola, 
 Plaintiff-Respondent,
against
Dr. Pamela Lipkin, M.D.,
Defendant-Appellant.

Defendant appeals from a "decision and order" of the Civil Court of the City of New York,
New York County (Sabrina B. Kraus, J.), entered November 25, 2019, after a nonjury trial, in
favor of plaintiff and awarding her damages in the principal sum of $8,500.

Per Curiam.
Appeal from "decision and order" (Sabrina B. Kraus, J.), entered November 25, 2019,
deemed an appeal from the ensuing judgment (same court and Judge), entered December 17,
2019, and so considered (see CPLR 5520[c]), judgment reversed and a new trial ordered,
without costs.
Plaintiff commenced this action by summons with endorsed complaint for "breach of
contract - services unrendered" on February 20, 2013, seeking to recover a $10,000 expert
witness fee paid to defendant, an otolaryngologist. Although the evidence showed that the breach
of contract claim was time-barred (see CPLR 213[2]), the trial court, in
effect, conformed the pleadings to the proof, and awarded judgment to plaintiff based on unjust
enrichment and quantum meruit. The court did so after determining that the parties' oral contract
included defendant's obligation to testify at trial but the contract did not address
the contingency encountered by the parties: that plaintiff's prior action would be dismissed prior
to trial such that defendant did not need to provide expert trial testimony.
While trial and appellate courts have the power to conform pleadings to the proof even in the
absence of a motion by the parties, provided there is no significant prejudice or surprise to the
opposing party (see Matter of Allstate Ins. Co. v Joseph, 35 AD3d 730, 731 [2006];
Cartwright Van Lines v Barclays Bank of NY, 120 AD2d 478, 479 [1986], lv denied
68 NY2d 608 [1986]), it cannot be said that defendant was not prejudiced by the Court's
consideration of the new theories of liability in this case. In the circumstances, and given the
potential merit of the quasi contract claims, and the prejudice to defendant in the prior
adjudication of such claims without notice, we deem it appropriate to permit plaintiff to amend
her complaint to add the new claims and to order a new trial (see Yantic Grain & Prods.
Co. v Bullet Hole Farms, 29 AD2d 764 [1968]). "There [*2]are many cases where a new trial should be granted because of
complexity, confusion, the possibility of other proof, error, misconception on the part of the Trial
Judge as to the burden of proof or for other appropriate reasons ... Also certain cases peculiarly
lend themselves to a reconsideration of the facts by a trial court. The selection of the method of
disposition remains in the discretion of the appellate court" (Victor Catering Co. v Nasca,
8 AD2d 5, 9 [1959]; see Weinstein Korn Miller, NY Civil Practice CPLR §
5522.05).
We note that the trial court correctly concluded that the quasi-contract causes of action
accrued upon the occurrence of the wrongful act giving rise to the duty to make restitution, which
act occurred on March 15, 2007, and, therefore, the quasi-contract causes of action are not
time-barred (see generally Kaufman v Cohen, 307 AD2d 113, 127 [1st Dept 2003]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: January 22, 2021