Mega Beverage Redemption Ctr., Inc. v City of Mount Vernon (2025 NY Slip Op 03319)

Mega Beverage Redemption Ctr., Inc. v City of Mount Vernon

2025 NY Slip Op 03319

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2022-00349
2022-04053
 (Index No. 63251/16)

[*1]Mega Beverage Redemption Center, Inc., respondent, 
v
City of Mount Vernon, appellant.

Brian G. Johnson, Corporation Counsel (Harris Beach PLLC, White Plains, NY [Darius P. Chafizadeh, Michael Curti, Doreen Klein, and Brian Ginsberg], of counsel), for appellant.
William Yurus (Di Fabio & Associates, P.C., Purchase, NY [Max Di Fabio], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of the plaintiff's substantive due process rights pursuant to 42 USC § 1983, the defendant appeals from (1) an order of the Supreme Court, Westchester County (James W. Hubert, J.), dated January 5, 2022, and (2) a judgment of the same court dated May 10, 2022. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside a jury verdict on the cause of action to recover damages for a violation of the plaintiff's substantive due process rights pursuant to 42 USC § 1983 and for judgment as a matter of law dismissing that cause of action. The judgment, upon the jury verdict, finding that the defendant violated the plaintiff's substantive and procedural due process rights and awarding damages, and upon the order, is in favor of the plaintiff and against the defendant in the principal sum of $2,400,000.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Westchester County, for a new trial; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff operated a beverage container recycling business at premises located on East 3rd Street in Mount Vernon (hereinafter the premises). On May 17, 2016, a task force comprised of various officials of the defendant, City of Mount Vernon, conducted an inspection of the premises, which allegedly revealed numerous violations of the New York State Fire Prevention and Building Code and the City of Mount Vernon Fire Prevention Code. As a result, the plaintiff [*2]was issued a summons, and the premises were temporarily shut down and padlocked. On May 23, 2016, the plaintiff commenced a proceeding pursuant to CPLR article 78 against the defendant, among others, inter alia, to direct the removal of the padlock and to enjoin the defendant and the other respondents in that proceeding from denying the plaintiff access to the premises.
On September 20, 2016, the plaintiff commenced this action against the defendant, asserting causes of action alleging tortious interference with contract and business relationships, tortious interference with prospective business relationships, defamation, a violation of the plaintiff's substantive due process rights pursuant to 42 USC § 1983, an unlawful taking in violation of the Fifth and Fourteenth Amendments of the United States Constitution, and a violation of the Equal Protection Clauses of the United States and New York Constitutions. The plaintiff moved for summary judgment on the issue of liability, and in an order dated November 28, 2018, the Supreme Court directed dismissal of all causes of action except for those alleging a violation of the plaintiff's substantive due process rights and an unlawful taking.
At trial, the Supreme Court did not allow the defendant to present testimony or evidence regarding the CPLR article 78 proceeding. After the parties rested, the court informed them that it was going to substitute a cause of action alleging a violation of the plaintiff's procedural due process rights pursuant to 42 USC § 1983 in place of the cause of action alleging an unlawful taking. The jury found that the defendant violated the plaintiff's substantive and procedural due process rights and awarded damages in the sum of $2,400,000. The defendant subsequently moved pursuant to CPLR 4404(a), inter alia, to set aside the verdict on the cause of action to recover damages for a violation of the plaintiff's substantive due process rights and for judgment as a matter of law dismissing that cause of action. In an order dated January 5, 2022, the court, among other things, denied that branch of the motion. Thereafter, a judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $2,400,000. The defendant appeals.
Pursuant to CPLR 4404(a), a court "may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence" (see Buckham v 322 Equity, LLC, 229 AD3d 669, 672). "To sustain a determination that a jury verdict is not supported by sufficient evidence as a matter of law, there must be no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Sweet v Hazan, 220 AD3d 666, 667 [internal quotation marks omitted]; see Buckham v 322 Equity, LLC, 229 AD3d at 672; Yankovitch v Fessel, 170 AD3d 784, 785-786). Viewing the evidence in the light most favorable to the plaintiff, a valid line of reasoning and permissible inferences could lead rational people to determine, as the jury did here, that the plaintiff was deprived of a protected property interest and that "the governmental action was wholly without legal justification" (Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 627; see Town of Orangetown v Magee, 88 NY2d 41, 53). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside the verdict on the cause of action alleging a violation of the plaintiff's substantive due process rights pursuant to 42 USC § 1983 and for judgment as a matter of law dismissing that cause of action.
However, the Supreme Court erred in, sua sponte, substituting a cause of action alleging a violation of the plaintiff's right to procedural due process pursuant to 42 USC § 1983 in place of the cause of action alleging an unlawful taking. "A trial court generally has broad discretion to deem the pleadings amended to conform to the evidence presented at the [trial], even absent a motion by a party, provided there is no significant prejudice or surprise to the party opposing the amendment" (Matter of Allstate Ins. Co. v Joseph, 35 AD3d 730, 731; see CPLR 3025[b], [c]; Rizzo v Kay, 79 AD3d 1001, 1002). Here, the defendant was prejudiced and surprised by the addition of the cause of action alleging a procedural due process violation after the parties had rested (cf. Rizzo v Kay, 79 AD3d at 1002). The allegations in the complaint would not have alerted the defendant to the fact that the plaintiff was asserting a cause of action alleging a violation of procedural due process. Moreover, although the plaintiff's principal was allowed to testify that the plaintiff had not been given a hearing, the defendant was precluded from offering evidence regarding the CPLR [*3]article 78 proceeding commenced by the plaintiff six days after the premises were padlocked (see Hughes Vil. Rest., Inc. v Village of Castleton-on-Hudson, 46 AD3d 1044, 1047; Hellenic Am. Neighborhood Action Comm. v City of New York, 101 F3d 877 [2d Cir]). In light of the fact that the plaintiff was allowed to offer testimony regarding its unpleaded cause of action, while the defendant was precluded from offering evidence in defense of this cause of action, the judgment must be reversed and the matter remitted to the Supreme Court, Westchester County, for a new trial.
The defendant's remaining contentions either need not be reached in light of our determination or are not properly before us.
IANNACCI, J.P., CHRISTOPHER, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court