■ In the Matter of the Arbitration between NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, and HENRIETTA R. HODGE et al., Respondents, and WAUSAU UNDERWRITERS INSURANCE COMPANY, Appellant. [610 NYS2d 411] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Wood, J.), entered December 4, 1991 in Westchester County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On July 10, 1989, respondent Henrietta R. Hodge was injured in a collision with an automobile owned by respondent Gloria Clarke and allegedly insured by respondent Wausau Underwriters Insurance Company. Based upon information that Wausau had canceled Clarke's policy for nonpayment of premium prior to the time of the accident, Hodge filed a claim with petitioner, her automobile insurance carrier, under the uninsured motorist endorsement of her insurance policy. Petitioner rejected the claim, Hodge served a demand for arbitration and petitioner then made the current application to stay arbitration. Following a hearing, Supreme Court granted the application, finding that Wausau had failed to establish that it

had validly canceled Clarke's policy prior to the accident. Wausau appeals.

We reverse. The burden is on the party seeking to stay arbitration to establish that the offending vehicle was insured by the respondent insurance company *(see, Matter of Empire Mut. Ins. Co. [Greaney—National Union Fire Ins. Co.],* 156 AD2d 154, 155). It is only when the petitioner has made a prima facie showing that the burden shifts to the respondent to come forward with evidence to demonstrate that it was not the insurer of the offending vehicle *(see, supra).* In this case, petitioner offered no evidence in support of its initial burden. Rather, its sole activity was to cross-examine Wausau's representative. We are not at all persuaded by petitioner's current argument that, by voluntarily offering the testimony of its representative, Wausau "assumed" and "undertook to carry" the burden of proof, thereby casting upon it the ultimate responsibility of proving that its policy was properly canceled. Moreover, we conclude that the evidence proffered by Wausau was sufficient to presumptively establish the mailing of a notice of cancellation on October 12, 1988 *(see, Nassau Ins. Co. v Murray,* 46 NY2d 828) and satisfied such a burden in any event.

Cardona, P. J., White, Weiss and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and petition dismissed.