■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v MIRIAM WILLIAMS-STALEY, Respondent, LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant, et al., Respondent. [733 NYS2d 74] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Lumbermens Mutual Casualty Company appeals (1) from an order of the Supreme Court, Nassau County (Adams, J.), dated October 20, 2000, which granted the petition and permanently stayed the arbitration, and (2), as limited by its brief, from so much of an order of the same court, dated March 16, 2001, as upon granting reargument, adhered to the prior determination.

Ordered that the appeal from the order dated October 20, 2000, is dismissed, as that order was superseded by the order dated March 16, 2001, made upon reargument; and it is further,

Ordered that the order dated March 16, 2001, is reversed insofar as appealed from, on the law, the order dated October

20, 2000, is vacated, the petition is denied, and the proceeding is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs payable by the petitioner.

As the party seeking a stay of arbitration demanded by the respondent Miriam Williams-Staley under the uninsured motorist endorsement of her policy, Government Employees Insurance Company (hereinafter GEICO) bore the burden of coming forward with evidence establishing that the alleged offending vehicle was insured by another insurance carrier at the time of the accident (*see, Matter of Eagle Ins. Co. v Pusey,* 271 AD2d 445; *Matter of American Home Assur. Co. v Wai Ip Wong,* 249 AD2d 301; *Matter of Eagle Ins. Co. v Patrik,* 233 AD2d 327). GEICO could have met its burden by proffering, *inter alia,* a copy of a police accident report reciting the insurance code of the appellant Lumbermens Mutual Casualty Company (hereinafter Lumbermens) (*see, Matter of Government Empls. Ins. Co. v McFarland,* 286 AD2d 500; *Matter of State Farm Mut. Auto. Ins. Co. v Youngblood,* 270 AD2d 493). However, GEICO did not meet its burden, because the police report did not identify Lumbermens as the insurer of the offending 1988 Chevrolet. The insurance code recorded on the police report was "N/A." Furthermore, GEICO's other submissions failed to prove, prima facie, that Lumbermens ever insured the 1988 Chevrolet that allegedly struck Williams-Staley. Accordingly, GEICO failed to make a prima facie showing and therefore, the proceeding is dismissed (*see, Matter of Eagle Ins. Co. v Pusey, supra*). Ritter, J. P., Krausman,. S. Miller and Florio, JJ., concur.