■ In the Matter of LANCER INSURANCE COMPANY, Appellant, v IRA BERMAN, Respondent. COMMERCIAL GENERAL UNION INSURANCE COMPANY et al., Proposed Additional Respondents. [734 NYS2d 570] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motor vehicle claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated October 23, 2000, which denied the petition and dismissed the proceeding, without a hearing.

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for the joinder of the proposed additional respondents Lambre Meadjine and Commercial General Union Insurance Company, and a hearing on the issue of whether the offending vehicle was insured at the time of the November 9, 1998, accident; and it is further,

Ordered that the arbitration is temporarily stayed pending a new determination.

The documents submitted by the petitioner raised issues of fact as to whether the offending vehicle was insured by Commercial General Union Insurance Company (hereinafter CGU) at the time of the accident (*see, Matter of Allstate Ins. Co. v Frederick,* 266 AD2d 283; *Colonial Penn Ins. Co. v Martich,* 260 AD2d 378; *Matter of Home Indem. Co. v de Martinez,* 240

AD2d 580). The burden then shifted to CGU to prove that it did not insure the vehicle at that time (*see, Matter of Eagle Ins. Co. v Tichman,* 185 AD2d 884). Under the circumstances of this case, it was improper for the Supreme Court to determine without a hearing, that the offending vehicle, driven by Lambre Meadjine, was uninsured (*see, Matter of Nationwide Ins. Co. v Sillman,* 266 AD2d 551; *Matter of State Farm Mut. Auto. Ins. Co. v Castro,* 266 AD2d 464). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith, including the joining of CGU and Lambre Meadjine as respondents, and the arbitration is temporarily stayed pending a determination on that issue following the hearing.

Additionally, on the record presented, there is no indication that the petitioner intended to waive its right to compel Ira Berman to submit to a physical examination or an examination under oath, or that any delay in seeking this discovery was a dilatory ploy (*see, Matter of State Farm Mut. Auto. Ins. Co. v Wernick,* 90 AD2d 519; *Matter of Metropolitan Prop. & Cas. Ins. Co. v Keeney,* 241 AD2d 455). However, such discovery, if necessary, should not occur until after the conclusion of the hearing directed herein (*see, Matter of Interboro Mut. Indem. Ins. Co. v Wiener,* 267 AD2d 310). Santucci, J. P., S. Miller, Luciano and Smith, JJ., concur.