■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v KAREN ANNAMANTHADOO et al.,

Respondents. [755 NYS2d 404] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, or, alternatively, to direct that Karen Annamanthadoo and Dylawatie Bharat provide the petitioner with medical authorizations and copies of all relevant medical records in their possession, and to submit to physical examinations before the arbitration, the petitioner appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated November 27, 2001, which denied the petition and dismissed the proceeding.

Ordered that the order is modified by deleting the provision thereof denying that branch of the petition which was to direct that Karen Annamanthadoo and Dylawatie Bharat provide the petitioner with medical authorizations and copies of all relevant medical records in their possession, and to submit to physical examinations before the arbitration and substituting therefor a provision granting that branch of the petition; as so modified, the order is affirmed, with costs payable to the respondent General Star Indemnity Co.

On August 8, 1999, the respondents Karen Annamanthadoo and Dylawatie Bharat were injured in a collision when their vehicle was struck by a vehicle owned by the respondent Paramit Singh and operated by Satwant Singh. Bharat's insurance policy, issued by the petitioner, contained bodily injury liability limits of $250,000 per person and $500,000 per occurrence, and included supplementary underinsured motorist coverage with limits of $100,000/$300,000. The primary insurance policy covering the Singh vehicle was issued by Fidelity & Guaranty Insurance Co. (hereinafter Fidelity) with liability limits of $25,000/$50,000. Paramit Singh also had an excess policy issued by the respondent General Star Indemnity Co. (hereinafter General Star) which provided coverage for 100% of the difference between the limits of the Fidelity policy and $100,000/$300,000.

Annamanthadoo and Bharat commenced a negligence action against, among others, Paramit Singh and served a notice of intention to file an underinsured motorist claim on the petitioner. Fidelity offered the full policy limit of $50,000 to settle all the claims arising out of the car accident. General Star, however, disclaimed coverage on several grounds. Thereafter, Annamanthadoo and Bharat served a demand for arbitration of their underinsured motorist claim on the petitioner.

The petitioner then commenced this proceeding to stay arbitration contending that underinsured motorist coverage

was not triggered because the bodily injury liability limits of Bharat's policy were not greater than those for the Singh vehicle and that a condition precedent to the availability of such benefits had not been satisfied because the limits of the General Star policy had not been exhausted. The petitioner did not, however, challenge the validity of General Star's disclaimer. Alternatively, the petitioner requested that Annamanthadoo and Bharat be directed to provide medical authorizations and medical records and to submit to physical examinations as required by Bharat's policy if arbitration was to proceed. The Supreme Court denied the petition, including the petitioner's request for discovery, and dismissed the proceeding.

Contrary to the petitioner's contention, underinsured motorist coverage was triggered. Because General Star disclaimed coverage, the excess coverage provided by its policy is not available. The bodily injury liability limits of Bharat's policy exceed those of the policy issued by Fidelity, thereby triggering underinsurance coverage (*see Matter of Prudential Prop. & Cas. Co. v Szeli*, 83 NY2d 681). Even if General Star had not issued a disclaimer, underinsured motorist benefits would have been triggered because the $250,000/$500,000 bodily injury liability limits of Bharat's policy exceed the limits of the General Star policy (*see id.* at 685 n 1, 688).

There is also no merit to the petitioner's contention that the underinsured motorist claim is premature because the General Star policy was not exhausted. Coverage under the General Star policy is not available and, therefore, there is no coverage to exhaust.

The petitioner's remaining arguments regarding its entitlement to a stay of arbitration are unpreserved for appellate review. Contrary to the petitioner's contention, those arguments may not be considered for the first time on appeal since they were not made in the Supreme Court and proof might have been offered to refute them had they been previously asserted (*see Gross v Aetna Cas. & Sur. Co.*, 240 AD2d 468).

However, the Supreme Court should have granted the petitioner's request for the disclosure required by the terms of Bharat's policy (*see Matter of Lancer Ins. Co. v Berman*, 289 AD2d 333). Ritter, J.P., Altman, S. Miller and Townes, JJ., concur.