■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v RONALD ESPOSITO, Respondent. GENERAL STAR INDEMNITY COMPANY, Proposed Additional Respondent, et al., Proposed Additional Respondents. [791 NYS2d 125]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, Allstate Insurance Company appeals from an order of the Supreme Court, Kings County (Bernstein, J.H.O.), dated July 14, 2004, which, after a hearing, denied the petition.

Ordered that the order is affirmed, with costs.

On May 4, 1999, the respondent Ronald Esposito allegedly sustained a serious injury when the car he was driving, which was owned by Maria Badalamenti, was struck in the rear by an automobile driven by the proposed additional respondent Vladimir Mayster. Badalamenti's car was insured under a policy of automobile insurance issued by the petitioner, Allstate Insurance Company (hereinafter Allstate). Mayster had primary insurance coverage from the proposed additional respondent Fidelity and Guaranty Insurance Company which settled with Esposito for the policy limits. Mayster also had excess coverage under a policy issued by the proposed additional respondent General Star Indemnity Company (hereinafter General Star). It was uncontroverted that General Star was not notified of the accident until March 2003 and thus, it disclaimed coverage due to untimely notice. Accordingly, Esposito demanded underinsured motorist benefits pursuant to the uninsured/underinsured motorist endorsement of the Allstate policy.

As the party seeking to permanently stay arbitration pursu-

ant to the uninsured/underinsured motorist endorsement of its insured's policy, Allstate bore the burden of coming forward with evidence establishing that the alleged offending vehicle was insured by another insurance carrier at the time of the accident (*see Matter of Government Empls. Ins. Co. v Williams-Staley,* 288 AD2d 471 [2001]; *Matter of New York Cent. Mut. Fire Ins. Co. v Marchesi,* 238 AD2d 135 [1997]). Allstate failed to satisfy its burden (*see Matter of Nationwide Mut. Ins. Co. [Hodge-Wausau Underwriters Ins. Co.],* 203 AD2d 805 [1994]). Moreover, in the absence of any proof undermining the validity of General Star's disclaimer under its excess policy, General Star's disclaimer was effective. Thus, Allstate is obligated to provide underinsurance coverage pursuant to the terms of its policy (*see Matter of Government Empls. Ins. Co. v Annamanthadoo,* 302 AD2d 460 [2003]). Accordingly, the Supreme Court properly denied Allstate's petition to permanently stay Esposito's claim for underinsured motorist benefits.

Allstate's remaining contentions are without merit. H. Miller, J.P., Cozier, S. Miller and Fisher, JJ., concur.