■ In the Matter of INSURANCE COMPANY OF STATE OF PENNSYLVANIA, Respondent, v PATSY DENTALE, Appellant. FLEMINGTON SUBARU et al., Proposed Additional Respondents. [821 NYS2d 115]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, Patsy Dentale appeals from (1) an order of the Supreme Court, Nassau County (Parga, J.), entered March 29, 2005, which granted the petition, and (2) an order of the same court entered July 5, 2005, which denied her motion for leave to renew and reargue the prior motion.

Ordered that the order entered March 29, 2005 is reversed, on the law and the facts, the petition is denied, and the proceeding is dismissed; and it is further,

Ordered that the appeal from the order entered July 5, 2005 is dismissed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The petitioner brought this proceeding to stay arbitration of an uninsured motorist claim made by its insured, the appellant Patsy Dentale. Dentale's claim arose out of an automobile accident she had with a vehicle driven by Fernando Ortiz. Accord-

ing to the police accident report, Ortiz fled the scene of the accident, but was apprehended by the police shortly thereafter.

The Supreme Court granted the petition based upon Dentale's failure to file a statement under oath with the petitioner within 90 days of the accident. This was error. The condition precedent in the supplementary uninsured/underinsured motorists endorsement of the petitioner's policy which requires an insured to file a statement under oath that the insured has a cause of action against a person whose identity is unascertainable only applies where neither the owner nor driver of the offending vehicle can be identified. Here, the identity of the driver of the offending vehicle, Ortiz, was known.

Moreover, since the petitioner failed to make a prima facie showing that the offending vehicle was insured at the time of the hearing, the petition should have been denied and the proceeding dismissed (*see Matter of Government Empls. Ins. Co. v Williams-Staley*, 288 AD2d 471 [2001]).

The appeal from so much of the order entered July 5, 2005 as denied that branch of the motion which was for leave to renew must be dismissed as academic, in light of our determination on the appeal from the order entered March 29, 2005. The appeal from so much of the order entered July 5, 2005 as denied that branch of the motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (*see Almonte v Western Beef, Inc.*, 21 AD3d 516 [2005]). Luciano, J.P., Rivera, Lifson and Covello, JJ., concur.