■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v GERTRUDE MORRIS, Appellant, et al., Respondents. [942 NYS2d 642]—

In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, Gertrude Morris appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Rios, J.), dated March 29, 2011, as, after a hearing, granted that branch of the petition which was to permanently stay arbitration.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2007, Gertrude Morris (hereinafter the appellant) was a passenger in a car insured by Government Employees Insurance Company (hereinafter GEICO) when that car was involved in an accident with a vehicle owned and driven by C.L. Patterson-Artis, and insured by Esurance Insurance Company (hereinafter Esurance). As a result of the accident, the appellant allegedly was injured and sought to recover damages from Artis. Eventually, Esurance agreed to pay the limit of the Artis vehicle policy in satisfaction of the appellant's claim against its insured. On November 3, 2009, the appellant's counsel allegedly

sent a letter to GEICO requesting GEICO's consent to the settlement with Esurance. It is undisputed that under the terms of the GEICO policy, a written request for such consent was, in effect, a condition precedent to an application for underinsurance benefits thereunder; and that the policy permits settlement with a third-party tortfeasor as long as 30 days have elapsed after "actual written notice" to GEICO. It is also undisputed that GEICO never sent written notice of consent to settle to the appellant's counsel. Nevertheless, a release and stipulation of discontinuance was sent by the appellant to Esurance in February 2010.

In July 2010 the appellant sought arbitration of her claim for underinsured motorist benefits under the GEICO policy. GEICO filed a petition, inter alia, to permanently stay arbitration of the claim, alleging that it never received any written request from the appellant seeking its consent to settle with Esurance prior to effecting such settlement and, thus, the appellant breached the terms of the GEICO policy. The appellant opposed the petition by an affirmation from her counsel, who stated that he had sent the November 3, 2009, letter to GEICO seeking its permission to settle with Esurance, and that he was twice orally assured by a GEICO employee that such written consent would be sent. In response to the petition, the Supreme Court directed that a framed-issue hearing be held. At the conclusion of the hearing, the Supreme Court found that the appellant had never sought GEICO's written consent to settle with Esurance. In the order appealed from, the Supreme Court, among other things, granted that branch of GEICO's petition which was to permanently stay arbitration.

"As a general rule of evidence, proof that an item was properly mailed gives rise to a rebuttable presumption that the item was received by the addressee" (*Matter of Rodriguez v Wing*, 251 AD2d 335, 336 [1998] [internal quotation marks omitted]). Here, the appellant adduced evidence at the hearing that gave rise to a rebuttable presumption that the November 3, 2009, letter was duly received by GEICO (*see Badio v Liberty Mut. Fire Ins. Co.*, 12 AD3d 229 [2004]). However, GEICO rebutted this presumption by presenting evidence demonstrating its "regular practices and procedures in retrieving, opening, and indexing its mail and in maintaining its files on existing claims" (*Liriano v Eveready Ins. Co.*, 65 AD3d 524, 525 [2009]; *see Electronic Servs. Intl. v Silvers*, 233 AD2d 361 [1996]). In addition, to the extent that the conclusion of the Supreme Court was based upon credibility determinations, such determinations are entitled to deference on appeal (*see Matter of Allstate Ins.*

*Co. v Albino,* 16 AD3d 682, 683 [2005]; *Contarino v North Shore Univ. Hosp. at Glen Cove,* 13 AD3d 571 [2004]).

Accordingly, under the circumstances of this case, the Supreme Court properly determined that the appellant failed to submit a written request to GEICO seeking its permission to settle with Esurance prior to effecting the settlement. Since this was a violation of the terms of the GEICO policy governing underinsured benefits, the Supreme Court properly granted that branch of the petition which was to permanently stay arbitration (*see Matter of New York Cent. Mut. Fire Ins. Co. v Ward,* 38 AD3d 898 [2007]). Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur.