In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Archer, Ct. Atty. Ref.), dated May 7, 2012, which, after a framed-issue hearing, in effect, denied the petition.
Ordered that the order is affirmed, with one bill of costs.
The petitioner commenced the instant proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits on the ground that the alleged offending vehicle was insured by National Union Fire Insurance Company of Pittsburgh (hereinafter National Union) at the time of the subject accident. Following a framed-issue hearing, the Court Attorney Referee, in effect, denied the petition, determining that the alleged offending vehicle was not involved in the subject accident and, thus, National Union was not required to provide coverage for the subject accident.
The petitioner has the initial burden of showing sufficient facts to establish justification for the stay of arbitration (see Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1002 [2013]; Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336 [2010]). Here, the petitioner failed to meet its initial burden of identifying the alleged offending vehicle and showing that the alleged offending vehicle was, in fact, insured at the time of the accident (see Matter of Progressive Northeastern Ins. Co. v Gibson, 62 AD3d 804 [2009]; Matter of New York Cent. Mut. Fire Ins. Co. [Reid], 34 AD3d 333 [2006]; Matter of Insurance Co. of State of Pa. v Dentale, 32 AD3d 854, 855 [2006]; Matter of Allstate Ins. Co. v Esposito, 15 AD3d 648, 648-649 [2005]; Matter of Government Empls. Ins. Co. v Williams-Staley, 288 AD2d 471, 472 [2001]; Matter of Eagle Ins. Co. v Pusey, 271 AD2d 445, 445-446 [2000]). To the extent that the determination of the Supreme Court was based upon the assessment of the credibility of the witnesses, such determination is entitled to deference on appeal, and we discern no basis to disturb it (see Matter of Government Empls. Ins. Co. v Morris, 95 AD3d 887, 888-889 *629 [2012]; Matter of Allstate Ins. Co. v Hang Li Wang, 46 AD3d 807, 808 [2007]). Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding. Rivera, J.E, Hall, Roman and Miller, JJ., concur.