■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v KUMAN LEE, Respondent. [991 NYS2d 105]—

In a proceeding pursuant to CPLR article 75 to permanently

stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Queens County (Rios, J.), entered December 2, 2013, which denied the petition and directed the parties to proceed to arbitration.

Ordered that the judgment is affirmed, with costs.

The respondent, Kuman Lee, was a passenger in a vehicle operated by Soon Park, when it was involved in a collision with a vehicle driven by the alleged tortfeasor, Pilman Song. The petitioner, Government Employees Insurance Company (hereinafter GEICO), had issued a policy of insurance (hereinafter the GEICO policy) to Park, covering Park's vehicle. Song's vehicle was covered by a policy of insurance (hereinafter the Allstate policy) issued by Allstate Insurance Company.

The GEICO policy set forth bodily injury liability limits in the amount of $300,000 per person and $300,000 per accident. The GEICO policy also contained a supplementary uninsured/underinsured motorist (hereinafter SUM) coverage provision that was subject to the same single liability limit of $300,000 per person and $300,000 per accident.

In contrast to the single liability limit of $300,000 provided for in the GEICO policy, the Allstate policy was a "split limit" policy, since it provided for a bodily injury liability limit of $100,000 per person and $300,000 per accident.

Lee received $100,000 under the Allstate policy, representing the maximum permissible sum recoverable under the per-person liability limit of that policy. Lee then made a demand for arbitration under the SUM provision of Park's GEICO policy, arguing that the per-person liability coverage afforded under the alleged tortfeasor's Allstate policy was less than the per-person liability coverage afforded under the GEICO policy. GEICO thereafter commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration, contending that the SUM provision of the GEICO policy was not triggered because both the GEICO policy and the Allstate policy provided for aggregate liability limits of $300,000 per accident and that, accordingly, the alleged tortfeasor Song was not an underinsured motorist within the meaning of the applicable statute. The Supreme Court denied the petition.

"Insurance Law § 3420 (f) (2) was enacted to allow an insured to 'obtain the same level of protection for himself [or herself] and his [or her] passengers which he [or she] purchased to protect himself [or herself] against liability to others' " (*Matter of Prudential Prop. & Cas. Co. v Szeli*, 83 NY2d 681, 686 [1994], quoting Mem of St Exec Dept, 1977 McKinney's Session Laws of NY at 2446). "[T]he essential purpose of the statute [is] to

provide the insured with the same level of protection he or she would provide to others were the insured a tortfeasor in a bodily injury accident" (*Matter of Prudential Prop. & Cas. Co. v Szeli*, 83 NY2d at 687).

Benefits under a SUM policy, when SUM coverage is purchased at the option of the insured, are available "if the limits of liability under all bodily injury liability bonds and insurance policies of another motor vehicle liable for damages are in a lesser amount than the bodily injury liability insurance limits of coverage" provided by the insured's policy (Insurance Law § 3420 [f] [2] [A]; *see Matter of Prudential Prop. & Cas. Co. v Szeli*, 83 NY2d at 685). "The necessary analytical step, then, is to place the insured in the shoes of the tortfeasor and ask whether the insured would have greater bodily injury coverage under the circumstances than the tortfeasor actually has" (*Matter of Prudential Prop. & Cas. Co. v Szeli*, 83 NY2d at 687). The determination of whether SUM benefits are available "requires a comparison of each policy's bodily injury liability coverage as it in fact operates under the policy terms applicable to that particular coverage" (*id*. at 688). "Only by doing that comparison is it possible to make the required determination: whether the tortfeasor has less bodily injury liability coverage than the insured" (*id*.).

Here, a comparison of the two policies at issue, in light of the particular circumstances of this case, demonstrates that an individual such as Lee would be afforded greater per-person bodily liability injury coverage under the GEICO policy than under the Allstate policy. Under the Allstate policy, Lee was limited by the "per person" bodily injury liability limit to the recovery, in tort, of $100,000. The GEICO policy—a single limit policy—provided $300,000 of liability coverage for bodily injury to any one injured person. Since the per-person bodily injury liability insurance limits of coverage provided by the Allstate policy are in a lesser amount than the per-person bodily injury liability insurance limits of coverage provided by the GEICO policy, the SUM provision of the GEICO policy was triggered (*see* Insurance Law § 3420 [f] [2]; *Matter of Prudential Prop. & Cas. Co. v Szeli*, 83 NY2d 681 [1994]; *Matter of Government Empls. Ins. Co. v Annamanthadoo*, 302 AD2d 460, 462 [2003]; *cf. Matter of Automobile Ins. Co. of Hartford v Ray*, 51 AD3d 788, 789-790 [2008]).

Accordingly, the Supreme Court properly denied GEICO's petition to stay arbitration of Lee's claim for SUM benefits, and directed the parties to proceed to arbitration. Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.