Matter of Allstate Ins. Co. v Campanella (2019 NY Slip Op 02082)





Matter of Allstate Ins. Co. v Campanella


2019 NY Slip Op 02082


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-12627
 (Index No. 80141/16)

[*1]In the Matter of Allstate Insurance Company, respondent, 
v
Alexis Campanella, appellant.


Leav & Steinberg, LLP (Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY [Jonathan A. Dachs], of counsel), for appellant.
Votto & Albee, PLLC, Staten Island, NY (Christopher J. Albee of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a supplemental uninsured/underinsured motorist claim, the appeal is from an order of the Supreme Court, Richmond County (Kenneth R. McGrail, Ct. Atty. Ref.), dated September 27, 2016. The order, after a hearing, granted the petition and permanently stayed the arbitration.
ORDERED that the order is reversed, on the law and the facts, with costs, the petition is denied and the proceeding is dismissed.
In 2013, the appellant was injured when, as a pedestrian, she was struck by an automobile. After arbitrating her claim against the tortfeasor, she served the petitioner, Allstate Insurance Company (hereinafter Allstate), with a demand to arbitrate a claim for underinsured motorist benefits pursuant to the supplemental uninsured/underinsured motorist insurance endorsement (hereinafter the SUM endorsement) of her father's automobile insurance policy with Allstate. Allstate commenced this proceeding for a permanent stay of arbitration, contending that the appellant did not qualify as an insured person under that policy because she was not a resident relative of her father's household at the time of the accident. After a hearing, the Supreme Court granted the petition and permanently stayed the arbitration. This appeal followed.
As the party seeking to permanently stay arbitration pursuant to the SUM endorsement of its insurance policy, Allstate bore the burden of coming forward with evidence establishing that the appellant was not a qualified insured person pursuant to the policy at issue (see Matter of Allstate Ins. Co. v Esposito, 15 AD3d 648, 649). At the hearing, Allstate presented evidence that the appellant was not a resident relative of her father's household at the time of the accident, and thus was not an eligible insured under the policy, by tendering a police accident report for the incident and certain other records. Those documents listed an address for the appellant on Amsterdam Avenue, Staten Island, which is different than the address for her father, on Lamont Avenue in Staten Island, which was listed on the policy.
Nonetheless, the Supreme Court's determination to stay arbitration, upon its finding that the appellant's connection to her father's home on Lamont Avenue was "ephemeral at best," is [*2]contrary to the weight of the evidence (see Matter of State Farm Mut. Auto. Ins. Co. v LoBue, 151 AD2d 487, 487). At the hearing, the appellant submitted evidence which showed that she had more than one residence for the purposes of automobile insurance coverage (see Matter of Progressive N. Ins. Co. v Pedone, 139 AD3d 958, 959; see also Matter of A. Cent. Ins. Co. v Williams, 105 AD3d 1042, 1042-1043). The appellant testified that her father's home was her primary residence, but that she also resided at the Amsterdam Avenue address that was listed on the evidence provided by Allstate, typically on nights she worked as a bartender at a bar near that location (see Matter of Progressive N. Ins. Co. v Pedone, 139 AD3d at 959; Dutkanych v United States Fid. & Guar. Co., 252 AD2d 537, 538). The appellant testified that, at the time of the accident, she had keys to her father's home on Lamont Avenue, as well as a garage door opener, and that her dog was there as well as her personal belongings. The appellant's father also testified that his home was the appellant's primary residence, that she stayed there at least four nights per week, and that she stayed at the other address when she worked late. In addition to her own testimony and the testimony of her father, the appellant proffered the testimony of a neighbor who resides near her father's home on Lamont Avenue. The neighbor testified that she had lived near the father's home for 41 years, had observed the appellant residing there, and had frequently seen the appellant's vehicle parked there. The appellant also submitted copies of personal checks, her driver license, and correspondence to her from Allstate and the tortfeasor's insurer regarding the accident as documentary proof that she resided at her father's home on Lamont Avenue at the time of the accident.
Allstate proffered no evidence to show that the appellant's connection to her father's home was temporary or ephemeral, and did not argue that the SUM endorsement of her father's policy precluded an insured from having more than one residence.
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court