Gross v Travelers Ins. (2020 NY Slip Op 04253)





Gross v Travelers Ins.


2020 NY Slip Op 04253


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


289 CA 19-01797

[*1]GEORGE P. GROSS, PLAINTIFF-APPELLANT,
v
TRAVELERS INSURANCE, DEFENDANT-RESPONDENT. 






WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF JOHN WALLACE, BUFFALO (BETSY F. VISCO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered September 25, 2019. The order granted defendant's motion to dismiss plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: In this breach of contract action, plaintiff seeks to collect supplemental uninsured/underinsured motorist (SUM) benefits under an insurance policy issued to him by defendant. Plaintiff and his wife, another insured under that policy, were injured when their vehicle was rear-ended by a vehicle operated by a nonparty tortfeasor. Plaintiff's insurance policy provided SUM coverage and bodily injury coverage, each with limits of $300,000 per person and $300,000 per accident. The tortfeasor's policy, issued by nonparty The Hartford, contained bodily injury coverage with limits of $100,000 per person and $300,000 per accident. Plaintiff settled his underlying personal injury liability claim for the tortfeasor's $100,000 per person policy limit, and plaintiff's wife settled her claim for $16,000. Plaintiff submitted a SUM claim to defendant, which denied it on the ground that plaintiff's SUM coverage was not triggered. Supreme Court agreed, and granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) on that ground. Plaintiff appeals, and we reverse.
"Insurance Law § 3420 (f) (2) was enacted to allow an insured to obtain the same level of protection for himself [or herself] and his [or her] passengers which he [or she] purchased to protect himself [or herself] against liability to others' " (Matter of Prudential Prop. & Cas. Co. v Szeli, 83 NY2d 681, 686 [1994], quoting Mem of St Exec Dept, 1977 McKinney's Session Laws of NY at 2446). It is well settled that, "[u]nder Insurance Law § 3420 (f) (2), an insured's [SUM] coverage is triggered when the limit of the insured's bodily injury liability coverage is greater than the same coverage in the tortfeasor's policy" (id. at 684). More particularly, when determining whether SUM coverage is triggered, "[t]he necessary analytical step . . . is to place the insured in the shoes of the tortfeasor and ask whether the insured would have greater bodily injury coverage under the circumstances than the tortfeasor actually has" (id. at 687), which "requires a comparison of each policy's bodily injury liability coverage as it in fact operates under the policy terms applicable to that particular coverage" (id. at 688).
Here, a comparison of the two policies at issue, in light of the circumstances of this case, demonstrates that plaintiff would be afforded greater coverage under his policy than under the tortfeasor's policy. The tortfeasor's policy would have provided plaintiff with only $100,000 of coverage for bodily injury, whereas plaintiff's policy would have provided him with up to $300,000 of coverage for bodily injury. Although plaintiff's SUM benefits would be reduced by the amount paid to his wife under the policy's $300,000 per accident maximum, he is still afforded more coverage under his policy than under the tortfeasor's policy because the bodily injury limit for an accident in which two people are injured would be $200,000 under the [*2]tortfeasor's policy, which is less than the coverage afforded by plaintiff's policy. Consequently, the SUM provision of plaintiff's policy was triggered (see Insurance Law § 3420 [f] [2] [A]; Matter of Government Empls. Ins. Co. v Lee, 120 AD3d 497, 498-499 [2d Dept 2014]; Jones v Peerless Ins. Co., 281 AD2d 888, 889 [4th Dept 2001]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court