Matter of Country-Wide Ins. Co. v Adams (2020 NY Slip Op 05898)





Matter of Country-Wide Ins. Co. v Adams


2020 NY Slip Op 05898


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-06848
 (Index No. 523568/18)

[*1]In the Matter of Country-Wide Insurance Company, appellant, 
v
Gillian Adams, respondent-respondent; Camille Pierre Joel, et al., proposed additional respondents, GEICO General Insurance Company, proposed additional respondent-respondent; Access Insurance Company, et al., nonparty-respondents.


Jaffe & Velazquez, LLP, New York, NY (Jean H. Kang of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated April 26, 2019. The order denied the amended petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this proceeding, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits made by its insured, the respondent, Gillian Adams. Adams's claim arose from a motor vehicle accident she had with a vehicle driven by the proposed additional respondent Camille Pierre Joel. The petitioner alleged that Joel was insured by the proposed additional respondent GEICO General Insurance Company. The Supreme Court denied the amended petition and, in effect, dismissed the proceeding. The petitioner appeals.
"The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336; see Matter of Country-Wide Ins. Co. v Santos, 175 AD3d 1530; Matter of Farmers Ins./Truck Ins. Exch. v Terzulli, 112 AD3d 628; Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1002-1003). Here, the evidence submitted by the petitioner failed to demonstrate that GEICO General Insurance Company ever insured Joel (see Matter of Farmers Ins./Truck Ins. Exch. v Terzulli, 112 AD3d 628; Matter of Insurance Co. of State of Pa. v Dentale, 32 AD3d 854; Matter of Government Empls. Ins. Co. v Williams-Staley, 288 AD2d 471). Accordingly, we agree with the Supreme Court's determination to deny the amended petition and, in effect, dismiss the proceeding.
In light of our determination, the petitioner's remaining contention need not be reached.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court