Rockland Family Med. Care, P.C. v State Farm Mut. Auto. Ins. Co. (2022 NY Slip Op
50766(U))

[*1]

Rockland Family Med. Care, P.C. v State Farm Mut. Auto. Ins.
Co.

2022 NY Slip Op 50766(U) [76 Misc 3d 126(A)]

Decided on July 15, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 15, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHERE� A. BUGGS,
JJ

2019-519 K C

Rockland Family Medical Care, P.C., as
Assignee of Limor Abden-Gilkarov, Appellant,
against
State Farm Mutual Automobile Ins. Co., Respondent.

Gary Tsirelman, P.C. (Douglas Mace of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella, PLLC (Francis J. Ammendolea of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P.
Edwards, J.), entered February 21, 2019. The order, insofar as appealed from as limited by the
brief, granted the branches of defendant's motion seeking summary judgment dismissing so much
of the complaint as sought to recover upon claims for services billed under CPT code 99212;
claims for services rendered on June 2, 2014, June 9, 2014, June 10, 2014, July 15, 2014,
November 18, 2014, December 31, 2014, March 30, 2015, May 28, 2015, and July 29, 2015; and
claims for services purportedly rendered on October 6, 2014 ($71.40), October 6 to October 22,
2014 ($334.60), and October 13 to October 22, 2014 ($394.44).

ORDERED that the order, insofar as appealed from, is modified by providing that the branch
of defendant's motion seeking summary judgment dismissing so much of the complaint as sought
to recover upon the claim for services rendered on June 10, 2014, which was billed under CPT
code 99205, is denied, and, upon a search of the record, summary judgment is granted to plaintiff
upon that claim in the principal sum of $97.14; as so modified, the order, insofar as appealed
from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff [*2]appeals, as limited by its brief, from so much of an order of the
Civil Court as granted the branches of defendant's motion seeking summary judgment dismissing
so much of the complaint as sought to recover upon claims for services billed under CPT code
99212, on the ground that the amount plaintiff sought to recover exceeded the amount permitted
by the workers' compensation fee schedule; claims for services rendered on June 2, 2014, June 9,
2014, June 10, 2014, July 15, 2014, November 18, 2014, December 31, 2014, March 30, 2015,
May 28, 2015, and July 29, 2015, on the ground that defendant had paid those claims in full; and
claims for services purportedly rendered on October 6, 2014 ($71.40), October 6 to October 22,
2014 ($334.60), and October 13 to October 22, 2014 ($394.44), on the ground that defendant had
not received those claims.
Defendant supported its motion with affidavits by its claim specialist and an independent
certified professional coder, which affidavits were sufficient to establish, prima facie, with
respect to the claims for services billed under CPT code 99212, that the amount plaintiff sought
to recover exceeded the amount permitted by the workers' compensation fee schedule. In
opposition, plaintiff failed to raise a triable issue of fact, as plaintiff submitted only an
affirmation by its counsel, who did not establish that he possessed personal knowledge of the
facts. However, defendant's moving papers establish that defendant was not entitled to summary
judgment dismissing so much of the complaint as sought to recover upon the claim for services
rendered on June 10, 2014, which was billed under CPT code 99205. As set forth in the
affidavits defendant submitted from its claim specialist and the certified professional coder,
plaintiff was entitled to $97.14 for that claim, which defendant had denied in full. Consequently,
upon a search of the record (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61
NY2d 106 [1984]), we find that plaintiff is entitled to summary judgment upon that claim in the
principal sum of $97.14.
With respect to the bills for services rendered on June 2, 2014, June 9, 2014, July 15, 2014,
November 18, 2014, December 31, 2014, March 30, 2015, May 28, 2015, and July 29, 2015,
defendant demonstrated, through the submission of checks to plaintiff which plaintiff had
endorsed, that defendant had paid those bills in full, and plaintiff failed to raise a triable issue of
fact with respect thereto.
With respect to the bills for services purportedly rendered on October 6, 2014, October 6 to
October 22, 2014, and October 13 to October 22, 2014, the affidavit by defendant's claim
specialist contained more than a mere conclusory denial of receipt of the claim forms allegedly
mailed to defendant (cf. Top Choice
Med., P.C. v GEICO Gen. Ins. Co., 33 Misc 3d 137[A], 2011 NY Slip Op 52063[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]) and sufficiently established, prima
facie, that defendant had not received those claim forms (see Matter of Government Empls. Ins. Co. v Morris, 95 AD3d 887
[2012]). In the absence of a sworn statement sufficient to demonstrate, prima facie, plaintiff's
submission of the claim forms at issue, defendant was entitled to summary judgment dismissing
so much of the complaint as sought to recover upon those claims (see Natural Therapy Acupuncture, P.C. v
Interboro Ins. Co., 36 Misc 3d 135[A], 2012 NY Slip Op 51350[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud [*3]Dists 2012]; Fiveborough Chiropractic &
Acupuncture, PLLC v American Employers' Ins. Co. Div. of Onebeacon Am. Ins. Co., 24
Misc 3d 133[A], 2009 NY Slip Op 51395[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2009]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of
defendant's motion seeking summary judgment dismissing so much of the complaint as sought to
recover upon the claim for services rendered on June 10, 2014, which was billed under CPT code
99205, is denied, and, upon a search of the record, summary judgment is granted to plaintiff upon
that claim in the principal sum of $97.14.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 15, 2022