Matter of Allstate Fire & Cas. Ins. Co. v Rios (2026 NY Slip Op 00246)

Matter of Allstate Fire & Cas. Ins. Co. v Rios

2026 NY Slip Op 00246

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-04510
 (Index No. 713735/23)

[*1]In the Matter of Allstate Fire & Casualty Insurance Company, respondent, 
vMelanie L. Rios, appellant.

Sacco & Fillas, LLP, Astoria, NY (Victor Bota of counsel), for appellant.
Votto & Albee, PLLC, Staten Island, NY (Christopher J. Albee of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplemental underinsured motorist benefits, Melanie L. Rios appeals from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered February 5, 2024. The judgment, insofar as appealed from, granted that branch of the petition which was to permanently stay arbitration.
ORDERED the judgment is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was to permanently stay arbitration is denied.
On December 8, 2020, Melanie L. Rios allegedly was riding her bicycle in Queens County when she collided with a door of a motor vehicle. Rios later submitted a demand to arbitrate her claim for supplemental underinsured motorist benefits related to the accident, which benefits derived from an insurance policy issued by the petitioner to the father of Rios's legal domestic partner at the time of accident. Thereafter, the petitioner commenced this proceeding, inter alia, to permanently stay arbitration of Rios's claim for supplemental underinsured motorist benefits. In a judgment entered February 5, 2024, the Supreme Court, without a hearing, among other things, granted that branch of the petition. Rios appeals.
"The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336; see Matter of Country-Wide Ins. Co. v Adams, 187 AD3d 1013, 1013-1014; Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d 679, 680). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d at 680 [internal quotation marks omitted]). "Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine it in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue" (Matter of Infinity Indem. Ins. Co. v Leo, 213 AD3d 936, 938 [internal quotation marks omitted]).
Here, the petitioner failed to meet its initial burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay. In [*2]particular, the petitioner argued that it was "clear and unambiguous" that Rios did not qualify as a covered "resident relative" pursuant to the subject policy. However, the petitioner did not attach the policy or relevant portions thereof in support of its petition. Rather, the petitioner relied on a four-page document, prominently marked "Sample Document." The rights or obligations of parties under insurance contracts are based on the specific language of the policies (see White v Continental Cas. Co., 9 NY3d 264, 267; State of New York v Home Indem. Co., 66 NY2d 669, 671; Gem-Quality Corp. v Colony Ins. Co., 209 AD3d 986, 990; Birnkrant v Automobile Ins. Co. of Hartford, Conn., 206 AD3d 963, 964). Accordingly, under the circumstances, the Supreme Court erred in granting that branch of the petition which was to permanently stay arbitration because the petitioner failed to meet its initial burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay (see Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d at 680; Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d at 1336; Matter of Government Empls. Ins. Co. v Williams-Staley, 288 AD2d 471, 472; Matter of New York Cent. Mut. Fire Ins. Co. v Marchesi, 238 AD2d 135, 135).
Contrary to the petitioner's contention, it was not entitled to a framed-issue hearing, as it failed to meet its prima facie burden justifying a stay (see Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d at 680; cf. Matter of Global Liberty Ins. Co. of N.Y. v Kaler, 195 AD3d 826, 827).
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court